**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CARL DANIEL WHITE, #1384064,** ) | |
| Petitioner, ) | |
| ) | |
| v.                                                                       ) | 3:07-CV-0196-N |
| ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined at the Bradshaw State Jail of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Dallas, Texas.  Respondent is the Director of TDCJ-CID.  The Court did not issue process pending preliminary screening.[1]

---

[1] Petitioner, a prisoner incarcerated in TDCJ-CID, named Ellis County as respondent.  Rule 2(a) of the Rules Governing Section 2254 Cases provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  Petitioner challenges a conviction that has resulted in his incarceration in the TDCJ-CID, making Nathaniel Quarterman, Director of TDCJ-CID, the proper respondent.  Accordingly, the Court substitutes him as respondent.  He has custody of Petitioner.

Statement of the Case: On July 28, 2006, Petitioner pled guilty to forgery in the 40th Judicial District Court of Ellis County, Texas. Punishment was assessed at 400 days incarceration in a state jail. (Petition (Pet.) at 2). Petitioner did not appeal. (*Id.* at 3).

In this action, filed on January 29, 2007, Petitioner alleges ineffective assistance counsel. He contends that trial counsel failed to plea bargain with the District Attorney, or discuss with the trial judge the details of his sentence or "back time" credit. (*Id.* at 7).

On December 21, 2006, prior to filing this action, Petitioner filed a Motion for Judgment Nunc Pro Tunc in the convicting court, requesting "back time" credit and alleging ineffective assistance of counsel. (*Id.* at 3). On January 5, 2007, the trial court denied his motion. (*Id.* at 4).

Petitioner then filed an application pursuant to art. 11.07, Texas Code of Criminal Procedure, reasserting his claims of ineffective assistance of counsel, and denial of "back-time" credit. (*Id.*). That application is presently pending before the Texas Court of Criminal Appeals. *See Ex parte White*, WR-66,885-01, http://www.cca.courts.state.tx.us/opinions/printcase.asp?FilingID=249764. (*See* Attachment I).

Findings and Conclusions: It is well settled that a state prisoner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner

may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A motion for judgment nunc pro tunc is the appropriate remedy for seeking pre-sentence jail time credit before the expiration of the presumptive discharge date. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (per curiam). If the trial court denies relief, an appeal may be taken to the appropriate court of appeals. *Ex parte Pederson*, 2005 WL 3019017, at 1 (Tex. Crim. App. Nov. 9, 2005) (unpublished opinion).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement. His art. 11.07 application is presently pending before the Texas Court of Criminal Appeals (s*ee* Attachment I). The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the merits of Petitioner's claims.

Insofar as Petitioner seeks to challenge the denial of back-time credit, his claim is likewise unexhausted. As search of the Tenth Court of Appeals website reflects that Petitioner did not appeal the denial of his motion for judgment nunc pro tunc.[2]

Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

---

[2] Since Petitioner was convicted in Ellis County, the appropriate court of appeals is the Tenth Court of Appeals in Waco, Texas.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies.

A copy of this recommendation will be mailed to Petitioner.

Signed this 15th day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**

 Case Search Results on Case # WR-66,885-01     [CaseMail](CaseMail)

### Case Information:

| | |
|---|---|
| Case Number: | WR-66,885-01 |
| Date Filed: | 2/12/2007 |
| Case Type: | 11.07 HC |
| Style: | WHITE, CARL DANIEL |
| v.: | |

### Case Events:

| Date | Event Type | Description |
|---|---|---|
| 2/13/2007 | WRIT SUBMITTED | Application for Writ of Habeas Corpus - 11.07 |
| 2/12/2007 | WRIT RECEIVED | Application for Writ of Habeas Corpus - 11.07 |

### Calendars:

| Set Date | Calendar Type | Reason Set |
|---|---|---|
| 2/13/2007 | PENDNG | SUBMITTED |

### Parties:

| Party | Party Type |
|---|---|
| WHITE, CARL DANIEL | Applicant (writs)/Appellant... |

### Court of Appeals Case Information:

| | |
|---|---|
| COA Case Number: | |
| COA Disposition: | |
| Opinion Cite: | |
| Court of Appeals District: | |

### Trial Court Information:

| | |
|---|---|
| Trial Court: | Case 3:07-cv-00196-N   Document 6   Filed 02/15/07   Page 7 of 7   PageID 32 |
| County: | |
| Case Number: | |
| Judge: | |
| Court Reporter: | |

 **Hint:** Click on the folder icons above for more case information.